1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   KENNETH JOHN KLUTHE,              )   Case No.: 1:16-cv-00742 - JLT
                                       )
12              Plaintiff,             )   ORDER GRANTING PLAINTIFF'S MOTION
                                       )   TO PROCEED IN FORMA PAUPERIS
13          v.                         )   (Doc. 2)
                                       )
14   CAROLYN W. COLVIN,                )
     Acting Commissioner of Social Security,  )   ORDER DISMISSING COMPLAINT WITH
                                       )   LEAVE TO AMEND
15                                     )
                                       )
16              Defendant.             )
                                       )
17   _____   )

18          Plaintiff Kenneth John Kluthe seeks to proceed *pro se* and *in forma pauperis* with an action

19   seeking judicial review of a decision rendered by the Social Security Administration to deny his

20   application for benefits.  (Docs. 1-2)  For the reasons set forth below, Plaintiff's motion to proceed *in*

21   *forma pauperis* is **GRANTED**, and his complaint is **DISMISSED** with leave to amend.

22   **I.      Proceeding *in forma pauperis***

23          The Court may authorize the commencement of an action without prepayment of fees "buy a

24   person who submits an affidavit that includes a statement of all assets such person . . . possesses [and]

25   that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a).  The Court

26   reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).

27   Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

28   ///

                                        1

## II.        Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.       Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint

2

1  pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
2  the line between possibility and plausibility of 'entitlement to relief.'

3  *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

4  assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

5  conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a

6  complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*,

7  203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

8  **IV.     Discussion and Analysis**

9         Plaintiff asserts he is seeking judicial review of the denial of Social Security Disability

10  Benefits.  (Doc. 1 at 1-2)  The Court may jurisdiction pursuant to 42 U.S.C. § 405(g), which provides

11  in relevant part:

12          Any individual, after any final decision of the Commissioner made after a hearing to
13          which he was a party, irrespective of the amount in controversy, may obtain a review of
            such decision by a civil action commenced **within sixty days after the mailing to him**
14          **of such decision or within such further time as the Commissioner may allow**.  Such
            action shall be brought in the district court of the United States for the judicial district
15          in which the plaintiff resides, or has his principal place of business . . . The court shall
            have power to enter, upon the pleadings and transcript of the record, a judgment
16          affirming, modifying, or reversing the decision of the Commissioner of Social Security,
17          with or without remanding the cause for a rehearing.

18  *Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the

19  Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

20  These regulations "operate as a statute of limitations setting the time period in which a claimant may

21  appeal a final decision of the Commissioner."  *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at

22  *4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews*

23  *v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)).  The time limit is a condition on the waiver of sovereign

24  immunity, and it must be strictly construed.  *Id.*

25         Plaintiff asserts that the Appeals Council denied his request for review on May 26, 2016.

26  (Doc. 1 at 2) Curiously, however, Plaintiff filed his complaint in this action on May 27, 2016—and the

27  signature date on the complaint is May 23, 2016.  (*See id.* at 3)  Given the obvious error in the date of

28  decision by the Appeals Council, the Court is unable to determine when the Commissioner issued a

3

final decision on Plaintiff's application for benefits.  Accordingly, it is unclear whether the Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

## V.     Leave to Amend the Complaint

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  Here the Court cannot find with certainty that Plaintiff cannot allege facts supporting a finding that the Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend the complaint to cure the factual deficiencies of this complaint by stating the necessary information, including when a decision was made on his application for benefits.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

2.      Plaintiff's complaint **IS DISMISSED** with leave to amend; and

3.      Plaintiff is **fourteen days** from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

**Plaintiff is advised that failure to file an amended complaint will be considered to be a failure to comply with a Court's order, and may result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   __June 2, 2016__                          ____/s/ Jennifer L. Thurston__
                                                                      UNITED STATES MAGISTRATE JUDGE

4