# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JOHN KLUTHE, | Case No.: 1:16-cv-00742- JLT |
| Plaintiff, | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | 42 U.S.C. § 406(b) |
| ANDREW M. SAUL[1], Commissioner of Social Security, | (Doc. 28) |
| Defendant. | |

Denise Bourgeois Haley, counsel for Plaintiff Laurie Wells, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 28) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[2] For the following reasons, the motion for attorney fees is **GRANTED**.

## I.     Relevant Background

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on April 14, 2016. The agreement entitled counsel to an award of "25% of the backpay awarded" if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (Doc. 28-1 at 1) The agreement also required counsel to "seek compensation under the Equal Access to Justice Act," and the amount awarded would be credited to Plaintiff "for fees otherwise

---

[1] This action was originally brought against Carolyn W. Colvin in her capacity as then-Acting Commissioner. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

[2] The Commissioner filed a response to the motion, in which he offered "an analysis of fee request" but took "no position on the reasonableness of the request." (Doc. 29 at 5)

1

payable for court work." (*Id.*)

On May 27, 2016, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) The Court determined the ALJ erred in evaluating the medical record and rejecting the opinion of Plaintiff's treating physician. (Doc. 24 at 10-14) In addition, the Court found the ALJ erred in rejecting the credibility of Plaintiff's subjective complaints. (*Id.* at 14-18) Therefore, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 19) Following the entry of judgment in favor of Plaintiff (Doc. 25), the Court awarded $4,200 in attorney fees pursuant to the Equal Access to Justice Act. (Doc. 27 at 1)

Upon remand, an ALJ issued a "fully favorable decision," finding Plaintiff was disabled beginning on February 13, 2013. (Doc. 28-2 at 1, 8) On April 20, 2019, the Social Security Administration concluded Plaintiff was entitled to monthly benefits from Social Security beginning August 2013. (Doc. 28-3 at 1) In total, Plaintiff was entitled to $56,209.00 in past-due benefits, out of which the Commissioner withheld $14,052.25 for payment of attorney's fees. (Doc. 28-3 at 4)

Ms. Haley filed the motion now before the Court on July 19, 2019, seeking fees in the amount of $10,000. (Doc. 28) Ms. Haley served Plaintiff with the motion and informed of him of the right to file a response to indicate whether he agreed or disagreed with the requested fees. (*Id*. at 2, 11) Plaintiff has not opposed the motion.

**II.    Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded past-due benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 19.4 hours while representing Plaintiff before the District Court. (Doc. 28 at 3; Doc. 28-4 at 1-2) Due to counsel's work, the action was remanded for further proceedings before an administrative law judge, and Plaintiff ultimately received an award of benefits for disability. For this, Ms. Haley requests a fee of $10,000. (Doc. 28 at 3) Because $4,200 was paid under the EAJA, the net cost to Plaintiff is $5,800.00. Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 28 at 2, 11), Plaintiff did not file oppose the request and thereby indicates his implicit belief that the fee request is reasonable.

Significantly, there is no indication Ms. Haley performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a fully favorable decision following the remand for further proceedings, including an award of past-due benefits. The fees requested are less than eighteen percent of the past-due benefits of $56,209.00, and thus do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

### IV. Conclusion and Order

Based upon the tasks completed and results achieved, the Court finds the fees sought by Ms. Haley are reasonable. Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $10,000 is **GRANTED**;

2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and

3. Counsel **SHALL** refund $4,200 to Plaintiff Kenneth John Kluthe.

IT IS SO ORDERED.

Dated: **August 12, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE